UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
   QUENTIN C. BAXTER AND  
   VERLESTINE M. BAXTER,  

              Debtors,  
_____/

Case No. 06-55564

Chapter 13  
Honorable Walter Shapero

## OPINION GRANTING IN PART AMENDED APPLICATION FOR PRE-CONFIRMATION ATTORNEY'S FEES

Before the Court is an Amended Application of Debtors' attorney fees in this case (which was dismissed before confirmation) to which the Debtors' object. The Debtors' objections are that applicants failed to respond to the Debtors' issues and concerns which included (1) a post-petition garnishment by a creditor and threats of post-petition garnishment by another creditor; (2) failing to respond to changes in income issues; (3) and failing to respond to phone calls on other matters or to schedule needed appointments in a timely manner. The Debtors were asked by the Court to submit any written proofs of post-petition garnishment activity, but failed to do so. Applicant seeks $4,019.90 in fees and $232.63 in costs.

### I. Discussion

Under 11 U.S.C. § 330(a)(2), the Court reviews applications for fees upon objection by a party in interest and, the Court has duty, independent of objection, to do so. *In re Bush*, 131 B.R. 364, 365 (Bankr. E.D. Mich. 1991) (citing to *Jordan v. Mark IV Hair Styles, Inc.*, 806 F.2d 695 (6th Cir. 1986)). The burden of proof is upon the applicant to justify the requested fees. *In re New Boston Coke Corp.*, 299 B.R. 432, 438 (Bankr. E.D. Mich. 2003) (citing to *Zolfo, Cooper & Co. v.*

1

*Sunbeam-Oster Company, Inc.,* 50 F.3d 253, 261 (3rd Cir. 1995)). In this case, the agreed upon fee basis is the amount of hours reasonably spent multiplied by a reasonable hourly rate. *Boddy v. United States Bankr. Court., W. Dist. of Ky. (In re Boddy)*, 950 F.2d 334, 337 (6th Cir. 1991) (citing *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078 (1978). Applicant's 2016(b) statement stated an hourly rate of $225.00. The rates charged by attorneys as set forth in the application ranged from $195.00 to $225.00 per hour, and those charged for paralegal work ranged from $70.00 to $80.00 per hour.

Section 330 instructs the Court to consider

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

In reviewing this application, it is noted that a total of six different attorneys and nine different paralegals, at varying hourly rates, worked on this case between October 18, 2006 and March 1, 2007. The dangers of miscommunication are magnified when files are handled in that manner. Absent a demonstration that an applicant employs an internal system of personnel specialization that economically justifies an unusual number of different individuals dealing with the same case (something not shown to be the case here), such necessarily will involve more time being spent in acquainting oneself with the file than would otherwise be the case. Understandably what also might be involved is the training of new people as well. Either way, that additional acquaintanceship and/or

2

training time should be considered overhead expense and time not chargeable to the client. While its quantification is difficult as here, a more than average number of different individuals worked on the same case, some conclusions are possible.

Some of Debtors' complaints of failed communications are credible particularly in light of the number of hands that touched this file, and, there is an inherent duplication of work when so many attorneys and paralegals work on the same case, resulting in charges for several time entries being considered unreasonable. As noted, a number of individuals worked on this case. It appears the Debtors personally discussed the case with four attorneys and five paralegals on separate occasions. The Court concludes that such led to either miscommunications with the Debtors or delayed action on matters, particularly on the matters of the potential reduced income due to Mr. Baxter's retirement in January 2007, and the post petition garnishments. Also to be factored into the situation are the Debtors' prior bankruptcies (in which they were represented by attorneys other than Applicants), and the fact that this was likely a somewhat difficult case, made even more so by Debtors' apparently somewhat abrupt and unilateral decision to dismiss it by way of a letter to the Court. Taken together, the Court concludes that while Debtors did experience some legitimate frustration at the way their case was handled, Debtors' own actions also contributed to whatever problems there were. Balancing these considerations requires a nominal deduction of $100.00 from what Applicant seeks.

Several other entries are objectionable. On November 11, 2006, attorney Brodsky's second entry for the day shows a review of the file which he reviewed earlier in the day and preparation of a payment order which appears clerical in nature. The time spent is thus not reasonable and is disallowed in the amount of $45.00. The entry of attorney Brodsky on November 10, 2006, is disallowed in its entirety ($157.50), as unnecessary review of another attorney's work. The entry for

3

06-55564-wsd    Doc 62    Filed 07/13/07    Entered 07/16/07 07:16:57    Page 3 of 4

attorney Joshua B. Sanfield on December 6, 2006, for $97.50, is disallowed in its entirety as unnecessary review of another attorney's work. The entries of Mr. Sanfield on December 13, 2006, and January 31, 2007, are disallowed in part, ($39.00 and $48.75) respectively, as duplicate review of the file for the same date. The entry of attorney James P. Frego on March 1, 2007, for $67.50, is disallowed in its entirety as it appears to duplicate Mr. Sanfield's call to the same person regarding the same issue. The multiple entries on March 1, 2007, of Mr. Sanfield totaling $19.50, are also disallowed in their entirety as not necessary for the completion of the case. The amount of the foregoing disallowed specific entries totals $474.75.

## II. Conclusion

The disallowances of $100.00 plus $474.75 total $574.75. Therefore, the fee application of Frego & Brodsky, PLC is GRANTED in part and DENIED in part. Applicant is thus awarded $3,445.15 ($4,019.90 less $574.75) in fees and $232.63 in costs for a total award of $3,677.78. Applicant shall submit an appropriate order, presentment of which is waived.

**Signed on July 13, 2007**

                                                 **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**